## JACOB WILSON vs. CHARLES B. WOOD.

1. Upon a contract for the conveyance of real estate by deed with "usual covenants," the grantee is entitled to covenants of seisin, of right to convey, against encumbrances, of quiet enjoyment, and of warranty.

2. "What are usual covenants in deeds in a given locality" may be referred to a master.

*Mr. Ogden*, for complainant.

The deed tendered by defendant was defective for want of metes and bounds in the description. It was unintelligible, and lacked certainty.

It contained no other covenant but that of warranty. The contract was for usual covenants. Covenants, in the plural, necessarily imply more covenants than one. The clause,

" usual covenants," includes four distinct covenants. 1. Covenant of seizin. 2. Of the grantor's right to convey. 3. Against encumbrances. 4. Covenant of warranty. 2 *Sug. on Ven.* (7th Am. ed.) 701; 2 *Hilliard on Real Prop.*, ch. 86, *p.* 393, § 59; *Ibid.* 399, § 94; 4 *Kent's Com.* 471.

*Mr. Leupp*, for defendant.

The deed contained the covenant of warranty, which is the usual covenant in all deeds, and will be regarded as sufficient where the title on record is satisfactory to the counsel. It is admitted that the title is perfect and without flaw. It has been examined by the complainant's counsel, and found perfectly satisfactory.

Every covenant must receive the same construction in every court; it must be construed according to the true intent and meaning of the parties. Courts will not confine themselves within the narrow limits of a literal interpretation, but will take a more liberal view, and look at the whole scope and object of the deed. 2 *Parsons on Con.* (2d ed.) 11, 17; *Platt on Cov.* 136.

And the contract is to be interpreted by the same rules in all courts, both of law and equity. The intent of the parties is of paramount influence in the interpretation of the contract. 4 *Kent's Com.* 472; *Chapman* v. *Holmes*, 5 *Halst. R.* 30, 34; *Moore* v. *Rake*, 2 *Dutcher* 574.

There will be no extension of the contract against the grantor. The doctrine of the construction of the deed being most strongly against the grantor, is not of universal application. A doubt will always be resolved in favor of the obligor. 2 *Parsons on Con.* 22; *Shep. Touch.* 375, 380.

THE CHANCELLOR. The bill is filed by the purchaser against the vendor, to compel the specific performance of a contract for the sale and conveyance of real estate. By the terms of the contract, the conveyance was to be "by deed with usual covenants." The deed tendered, contained only the covenant of general warranty. This the purchaser

refused to accept, upon the ground that it was not a compliance with the terms of the agreement. The counsel of the purchaser thereupon prepared, and submitted to the vendor to be executed, a deed containing (in addition to the covenant of general warranty) covenants of seizin, of right to convey, and against encumbrances. This the grantor refused to execute.

The only question is, what are "usual covenants" in a deed of bargain and sale of a fee simple estate.

The usual personal covenants inserted in a conveyance in fee, as stated by Chancellor Kent, are: 1. That the grantor is lawfully seized. 2. That he has a good right to convey. 3. That the land is free from encumbrances. 4. That the grantee shall quietly enjoy. 5. That the grantor will warrant and defend the title against all lawful claims. 4 *Kent's Com.* 471.

The authorities agree that all these covenants, except the last, are usual covenants in a conveyance of the fee. In lieu of the covenant of warranty, the usual covenant in England is a covenant for further assurance. 2 *Sugden on Vendors* (7th Amer. ed.) 701, ch. 13, sec. 3, § 2; 4 *Cruise's Dig.* 459, title 32, "Deed," chap. 25, § 47, § 62; Ibid. (Greenleaf's ed.), title 32, "Deed," chap. 26, § 47; *Rawle on Cov.* (3d ed.) 11.

It is material to observe that the question is not what covenants, in the absence of a special agreement for covenants, the vendor is obliged to give, and the purchaser has a right to demand. The character of the deed to which the complainant is entitled, depends upon the language of his agreement, which is to convey "by deed with *usual covenants.*"

If the defendant intended to rely upon a well settled local usage, by the aid of which his contract was to be interpreted, it was incumbent upon him to show it. No such attempt is made, either in his answer or by the evidence. On the contrary, the defendant, in his answer, relies upon the true construction to be given to the terms of his agreement. It is shown, moreover, by two of the complainant's witnesses,

that the deed which the defendant was requested to execute, contained the usual covenants.

Upon an agreement for "usual covenants" in a lease, owing to the great variety of local usages respecting the terms of leases, it is sometimes referred to a master to inquire what are usual covenants. *Henderson* v. *Hay,* 3 *Bro. Ch. R.* 532, *note; Boardman* v. *Mostyn,* 6 *Vesey* 467; 1 *Hovenden's Sup.* 616.

And where a controversy arises as to what are the usual covenants in deeds in a given locality, the same practice may perhaps with propriety be adopted. But upon the pleadings and proofs in this case, I see no propriety in such reference.

The complainant is entitled to a decree.